CARROLL, DONALD K., Chief Judge.
An heir of Lonnie Simpson, deceased, has appealed from two orders entered in the deceased’s estate by the County Judge’s Court for Gilchrist County.
The first order authorizes the ad-ministratrix of the said estate, the deceased’s widow, to pay $900 to her daughter, Ouida C. Mikell, for labor she had performed in the care and management of the livestock of the estate and in cultivating and harvesting the crops of the estate during a certain period of time. We have examined the evidence submitted to the court concerning the labor the said daughter performed for the benefit of the estate, and think that this authorization was within the judicial discretion of the County Judge under such evidence.
The administratrix filed an accounting and inventory of the estate, including all of the transactions entered into by the estate as well as a list of the personal property held by the estate. The appellant filed an objection to this accounting and inventory, objecting to thirty items that had been paid by the estate. The stated ground for this objection is that the items objected to “are unreasonable and not necessary in connection with the estate.” In the sec *708 ond order appealed from herein the County Judge’s Court sustained the objection to five items, disqualified itself from ruling on a sixth item for personal reasons, and otherwise overruled the objection.
In addition, particular objection was made by the appellant to five separate items of expenditures “which were expenses in-cured by the decedent during his lifetime, for which no formal claims were filed in the estate within the period prescribed by the Statute of Nonclaim.” The County Judge’s Court, however, approved the last-mentioned items, which ruling we think was in error.
Section 733.16(1), Florida Statutes, F.S. A., provides:
“733.16 Form and manner of presenting claims; limitation
“(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post-office address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within six months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said six months as aforesaid.”
Pursuant to the above provision any claims for which written claims were not filed in the estate within the mentioned six-months period are void, and hence the County Judge’s Court erred in approving payment by the administratrix of such claims barred by the above Statute of Nonclaim. That part of the order approving such payment is, therefore, erroneous and must be reversed.
The first order appealed from is affirmed. The second order is affirmed in part and reversed in part as stated in the preceding paragraph. The cause is remanded for further proceedings consistent with the views herein expressed.
STURGIS and WIGGINTON, JJ., concur.