HOBSON, Chief Judge.
Lucille R. Clausohm, appellant herein, was appointed administratrix of the estate of Dolores A. Culpepper, deceased, in February, 1967, by the County Judge’s Court of Hillsborough County. The decedent had died intestate, leaving as the sole heir of her estate her minor infant.
On April 6, 1967, the administratrix filed proof of publication of notice to cred *227 itors showing March 4, ■ 1967, as the date of first publication.
The final accounting, of Lucille R. Clau-sohm, as administratrix of the above estate, showed the following payments:
March 22, 1967, to Tampa Electric Company, the sum of $15.09;
March 22, 1967, to General Telephone Company, the sum of $4.88;
March 30, 1967, the funeral bill in the amount of $1,783.36;
April 7, 1967, earned premium on car insurance, the sum of $5.27; and
November 29, 1967, to Restlawn Memorials for a bronze marker, the sum of $204.98.
No claims for any of the above items were filed in the estate proceedings in the County Judge’s Court; however, claims for the above items (with the exception of the bronze marker) were presented to the ad-ministratrix prior to September 4, 1967, and were paid by her out of the estate assets. The six months period during which creditors of the estate could file their claims expired September 4, 1967.
Since the sole heir of the estate was a minor infant, the court appointed an administrator ad litem to represent the interests of the estate that might be adverse to those of the administratrix.
The administrator ad litem, appellee herein, filed an answer to the petition of the administratrix by which she sought approval of her final accounting. The answer specifically objected to the allowance by the lower court of those debts paid by the administratrix for which claims were not filed with the court. By its order dated August 16, 1968, the lower court disallowed the items objected to by the administrator ad litem which items are referred to above and which total $2,013.58.
The sole point on appeal is restated as follows:
IS THE COUNTY JUDGE’S COURT COMPELLED TO DISALLOW PAYMENTS OF CLAIMS OR DEMANDS MADE AGAINST AN ESTATE OF A DECEDENT WHERE NO CLAIM OR DEMAND FOR PAYMENT HAS BEEN FILED WITH THE COUNTY JUDGE’S COURT WITHIN THE TIME PRESCRIBED BY SECTION 733.16, FLORIDA STATUTES, 1965, BUT WHERE CLAIM OR DEMAND HAS BEEN PRESENTED TO THE ADMINISTRATRIX OF THE ESTATE AND PAID BY HER WITHIN THE STATUTORY PERIOD SET OUT IN SECTION 733.16, FLORIDA STATUTES, 1965?
The applicable statute involved, Section 733.16, Florida Statutes, 1965, F.S.A., popularly referred to as a “nonclaim statute’’ reads, in part as follows:
“733.16 Form and Manner of Presenting Claims; Limitation.—
(1) No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, including but not limited to actions founded upon fraud or other wrongful act or commission of the decedent, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee, or devisee of the decedent unless the same shall be in writing and contain the place of residence and postoffice address of the claimant, and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within six months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by pay *228 ing a portion thereof or interest thereon or otherwise; and no cause of action, at law or in equity, heretofore or hereafter accruing, including but not limited to actions founded upon fraud or other wrongful act or omission, shall survive the death of the person against whom such claim may be made, whether suit be pending at the time of the death of such person or not, unless such claim be filed in the manner and within the said six months as aforesaid; * *
In the case of Ramseyer v. Datson, 120 Fla. 414, 162 So. 904 (1935), the Supreme Court of Florida had a question before it which is analogous to the case at bar. In Ramseyer, A. C. Ramseyer was a creditor of the estate of one B. C. Datson who died testate in Orange County in June, 1926. Ramseyer held a claim against the Datson estate in excess of $13,000 and presented his claim to the Datson executors for allowance and payment. Such presentation was made within one year after Dat-son’s death but the claim was not filed with the county judge within the year period as the Florida statutes then required. The executors had been given full knowledge of Ramseyer’s claim and not only received it and admitted its correctness as a claim against the estate but in addition executed in favor of Ramseyer three notes as security for the payment of the claim. The executors incorporated reference to Ram-seyer’s claim in their executors’ report and in the report assumed the validity thereof. After all the foregoing had transpired the executors repudiated their personal and official actions and in defense to a suit brought by Ramseyer against them in equity based on a suggestion of devastavit of the Datson estate because of the executors’ refusal to settle with Ramseyer, disputed the validity of Ramseyer’s claim on the ground that it was not duly sworn to and filed with the county judge within one year from the date of first publication of notice as provided by the 1925 and 1927 Florida Statutes.
The lower court found in favor of the executors, holding that Ramseyer’s claim was barred by his failure to file it with the county judge within the time fixed in the statute of non-claim. In reversing, the Supreme Court of Florida speaking through Acting Chief Justice Davis stated at pages 419-421, 162 So. at pages 906-907: •
“ * * * So where it appears that a claim has been actually made out and presented to the personal representative of a decedent’s estate, and that it was at the time thereof affirmatively accepted as a validly presented claim by the executor himself, the requirement of filing the same with the county judge can be completed in due form at a later time, either by the executor’s report of it to the probate court or by the claimant himself subsequently filing it with the approval of the county judge given after notice to the executor and a due determination by such judge that the claim has been within due season therefor duly presented to the executor and the form of presentation acquiesced in by him.
“The provisions of sections 5597-5600, C.G.L. (chapter 10119, Acts 1925; chapter 11994, Acts 1927), imposing the requirement that all claims or demands to be valid or binding upon an estate, or the executor or administrator thereof, must be duly sworn to and presented to the county judge, have not abrogated the foregoing rule established by this court long prior to the adoption of the terms of the new statute presenting a particular method of presentation of claims against estates generally.”
* * * * >ft *
“But this Court is committed to an established doctrine that despite the apparent inflexibility of the statute requiring presentation and filing with the county judge as a basis for validity of claims against estates and the executors or administrators thereof, that there are circumstances under which the affirmative *229 act of an executor or administrator will operate as a legal waiver of the statutory bar of nonpresentation to the county judge.” (Citations omitted)
* * * * * *
“ * * * [T]he true meaning and intent of our present statutes on the subject of presentation of claims against executors and administrators of estates (sections 5597-5600, C.G.L.) as a basis of liability of the affected estate therefor, was not to exalt a mere statutory matter of form into a matter of substance, to the prejudice of bona fide creditors holding admitted or acknowledged claims against a decedent’s estate, but was to establish a lawful method for the formal filing of claims against executors and administrators that, when pursued, would be sufficient in and of itself to bind, as a matter of law, an executor or an administrator, whether he had previously had the claim presented to him or had admitted or acknowledged it as a valid one or not.”
In the case of Ellison v. Allen, 8 Fla. 206 (1858) at pages 210-211, the Supreme Court of Florida, although dealing with an older statute of “nonclaim” and a point different from that involved in the case sub judice, delved into the purposes behind such a statute when the court speaking through Mr. Justice DuPont stated:
“ * * * The law was made to subserve the cause of right and justice by facilitating the speedy settlements of estates and by preventing the enforcement of stale demands. It never was intended to be made the engine of oppression, or to work hardship or injury to any one. To interpret it according to its strict letter would be to give it an operation harsh in the extreme, * * * it might be made to defeat the most righteous and equitable demands * *
 The purpose of the nonclaim statute is to facilitate the administration of decedents’ estates. Therefore, it would not accord with reason and logic to construe the nonclaim statute in such a way as to require the personal representative, in every instance, to insist upon the filing of a formal written claim in order to pay such claims as $15.09 to Tampa Electric Company, $4.88 to General Telephone Company, or $5.27 as earned premium on car insurance as such are obligations of the estate and may clearly be due. In many estates, there are substantial numbers of valid claims to which no reasonable objection can be made.
If the nonclaim statute were to be construed as absolutely prohibiting the voluntary payment of such claims without the filing of written claims, the effect would be to unnecessarily increase the expense of administrating decedents’ estates without any corresponding or offsetting benefit or protection for the heirs, beneficiaries and creditors who are the real parties in interest.
Certainly, the better procedure for the personal representative to follow is to require the filing of a written claim in the office of the county judge, for if the personal representative elects to pay certain claims, he does so at the risk of being personally liable should a claim be improper or excessive or should the estate subsequently prove to be insolvent or have insufficient assets to pay claims having a higher priority.
For the foregoing reasons, the order of the lower court disallowing the items referred to herein on the final accounting of the administratrix on the sole ground that they were paid without claims for them having been formally filed should be and hereby is reversed and remanded with directions to modify said order to allow for those items unless they are otherwise shown to have been improper or excessive expenditures.
LILES and MANN, JJ., concur.