234 So.2d 338 (1970)
John J. TWOMEY, Petitioner,
v.
Lucille R. CLAUSOHM, Respondent.
No. 39030.
Supreme Court of Florida.
April 22, 1970.
John J. Twomey, in pro. per.
John A. Williamson, Tampa, of Barrs, Melendi & Williamson, for respondent.
John Arthur Jones, Tampa, as amicus curiae.
*339 THORNAL, Justice.
By petition for certiorari we have for review a decision of the Court of Appeal, Second District, because of an alleged conflict on the same point of law with prior decisions of this Court and a decision of another District Court of Appeal. Fla. Const. art. V, § 4, F.S.A.; Clausohm v. Twomey, 226 So.2d 226 (2nd Dist.Ct.App.Fla. 1969).
We must decide whether an administratrix, by her final accounting, is entitled to credit for payment of claim for a tombstone and other claims which were presented to the administratrix but never filed in the probate court pursuant to Fla. Stat. § 733.16 (1965), F.S.A.
Mrs. Dolores A. Culpepper died intestate. Lucille R. Clausohm was appointed administratrix. The sole heir was the eight month old infant daughter of Mrs. Culpepper. The first notice to creditors was published March 4, 1967, under the applicable statute, § 733.16, supra. During the six month period certain creditors presented claims to the administratrix but did not file the same in the probate court. The time for filing claims expired September 4, 1967. During the six month period the administratrix paid the funeral bill and, in addition, small bills for utilities, telephone and earned insurance premiums. None of these claims were filed in the probate court. Subsequent to the expiration of the six month period and on November 29, 1967, the administratrix paid for a bronze marker for the grave site of the decedent. Eventually, the administratrix filed her petition for the approval of her final accounting by which she took credit for the payments above described. The county judge appointed John J. Twomey administrator ad litem to represent the interest of the infant heir. On Mr. Twomey's objections County Judge Brooker disapproved the payments described above. On appeal the Court of Appeal, Second District, held to the contrary and reversed the disapproving order of the probate judge. By petition for certiorari we are requested to quash the decision of the District Court and reinstate the order of the probate judge. The petition is based on the constitutional ground that the decision tendered for review conflicts with certain stated prior decisions of this Court and another District Court of Appeal.
We have issued the writ and have heard oral argument. On the face of the decision under review and the decisions cited for conflict, it does appear there is a jurisdictional conflict because of divergent statements of the rule of law applicable to situations such as the one at hand.
By the decision under review the District Court held, "* * * it would not accord with reason and logic to construe the nonclaim statute in such a way as to require the personal representative, in every instance, to insist upon the filing of a formal written claim in order to pay such claims * * *"
In Simpson v. Simpson, 143 So.2d 707 (1st D.C.A.Fla.App. 1962) the Court of Appeal, First District, held: "Pursuant to the above provisions any claims for which written claims were not filed in the estate within the mentioned six month period are void * * *." The probate judge had approved payment of certain bills for which no formal claim had been filed in the estate. The Court of Appeal, First District, reversed this action with the statement of law above quoted.
Similarly, although admittedly in a different factual posture, this Court In re: Williamson's Estate, 95 So.2d 244 (Fla. 1956) stated: "The personal representative, whether he be an administrator or executor, has no power to waive the requirements of the statute with reference to the filing of the claim."
We, therefore, detect a conflict and potential confusion in the law generated by the quoted statement from the decision under review and the statements quoted *340 from the other decisions. Nielsen v. Sarasota, 117 So.2d 731 (Fla. 1960). It is to eliminate this apparent confusion that we have taken jurisdiction. Even if the statement from one of the earlier cases can be regarded as obiter dictum the conflict still establishes our jurisdiction. Sunad, Inc. v. Sarasota, 122 So.2d 611 (Fla. 1960).
The subject of the necessity for filing claims against an estate has, on numerous occasions, challenged the attention of the Legislature since 1838. In practically every amendment adopted over the years the Legislature has "tightened" the requirements for the presentation of claims against an estate as a condition to their validity. For example, under the early statute, best illustrated by the Revised General Statutes, 1920, § 3732, the Legislature required publication of notice to creditors for eight weeks and allowed them two years to present their claims to the personal representative. In the initial legislation on the subject there was no requirement that a sworn claim be filed in the court.
Subsequently, the Legislature required that the claims be filed in the office of the county judge and allowed twelve months for doing so. These statutes, however, did not preclude the possibility of a waiver of the filing requirement arising out of action by a personal representative. Fla. Laws 1925, ch. 10119, and Fla.Laws 1927, ch. 11994.
Finally, by Fla.Laws 1961, ch. 61-394, the Legislature inserted into the statute that an unfiled claim shall be void "even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * * *." This statute governs the action of the administratrix in the case at bar. Subsequent to the situation at hand the Legislature enacted Fla.Laws 1967, ch. 67-246 which, in effect, provided that funeral expenses up to $750.00 could be paid without the necessity of filing a claim. We agree with the petitioner Twomey that this statute was merely a legislative affirmation of the prior rule that prior to its enactment claims for funeral bills were required to be filed the same as any other claim. Otherwise, it would have been unnecessary to enact the law specifically excusing the filing requirement for the priority portion of the funeral bill.
The respondent, amicus curiae and the District Court rely primarily on our opinion in Ramseyer v. Datson, 120 Fla. 414, 162 So. 904 (Fla. 1935). This case was decided under earlier statutes which did not specifically exclude the effect of action indicating a waiver by the personal representative. Fla.Laws 1925, ch. 10119, and Fla.Laws 1927, ch. 11994. Similarly in Ellison v. Allen, 8 Fla. 206 (Fla. 1858) cited by the District Court, the statute then in effect merely required presentation of the claim to the personal representative. Revised General Statutes, 1920, §§ 3732 and 3739. In Ellison, however, the the court did re-affirm the position which it had earlier announced in Fillyau v. Laverty, 3 Fla. 72 (Fla. 1850). In the earlier case this Court took the position that such a nonclaim statute "prescribes a rule which must be rigidly observed."
The conclusion which we reach in the matter at hand is not inconsistent with these earlier cases. We now simply deal with a more positive, clear-cut legislative insistence that all claims be filed in the court and filing cannot be waived by the personal representative.
We are in accord with the often-expressed view that nonclaim statutes are passed to provide for the orderly administration of decedents' estates. However, it is within the province of the Legislature to prescribe what it considers to be "orderly administration." It may, if its wisdom so dictates, deny to personal representatives the power to supersede or nullify the legislative requirements. Similarly, when, as here, a valid legislative mandate is clear we do not have the judicial power *341 to ignore it or otherwise hold it for naught merely because we personally think the problem should be handled in some other fashion.
Here the Legislature clearly and pointedly tells us, as well as personal representatives, that the required filing of claims cannot be waived. There are a number of conceivable reasons which justify the rule. A few are: (1) it holds all assets of the estate intact for the payment of debts until the claim filing period expires and all legitimate claims are simultaneously given due recognition; (2) it enables beneficiaries and other creditors to examine the probate court file periodically in order to make a prompt decision as to whether the claims are legitimate or subject to objections under the Statutes. Fla. Stat. § 733.18 (1965) F.S.A.; (3) this in turn avoids the necessity of waiting until the final accounting when beneficiaries may suffer irreparable losses from payment of improper claims by an insolvent personal representative serving under a waiver of a surety bond; (4) it will tend to prevent personal representatives from discriminating among creditors by granting to some a preference by early payment of claims, while requiring others to await the expiration of the statutory claim filing period. There are doubtless many other reasons to support the wisdom of the statutory prohibition against waiver. We have cited a few merely to demonstrate that the legislative wisdom should not be frustrated simply by the exercise of some rather nebulous personal judicial notion of so-called "fairplay." The power of a personal representative derives from a legislative grant. It should be exercised strictly in accord with the prescriptions laid down by the granting authority. Here the administratrix exceeded her authority by the premature payment of unfiled claims and by the use of estate funds to purchase a gravemarker which is not a part of the cost of administering the estate.
The long-experienced probate judge ruled correctly in disallowing the disputed items and error was committed in reversing him.
The decision of the District Court of Appeal is quashed and the cause is remanded to that court with directions to affirm the order of the probate judge.
It is so ordered.
ROBERTS, DREW and ADKINS, JJ., concur.
ERVIN, C.J., dissents.