294 So.2d 668 (1974)
In re ESTATE of Clarence M. GAY, Deceased.
No. 73-805.
District Court of Appeal of Florida, Fourth District.
May 24, 1974.
Leon H. Handley and J. Thomas Gurney of Gurney, Gurney & Handley, Orlando, for appellants-Aline A. Gay and Gerald A. Gay, Executors of the Estate of Clarence M. Gay, deceased.
W. Daniel Stephens of Holland & Knight, Lakeland, for appellees-Gaston Ferland, on behalf of himself and others similarly situated.
OWEN, Chief Judge.
Simply stated, the principal question here is whether a "class claim" satisfies the requirements of the nonclaim statute, Section 733.16, F.S. 1971, F.S.A.: We hold that it does not.
Decedent's executors first published notice to creditors on July 28, 1972. On January 26, 1973 (within the six months allowed *669 by Section 733.16, F.S. 1971, F.S.A.) one Gaston Ferland filed in the probate proceedings a claim against the estate "on behalf of himself and all others similarly situated", said claim being verified by Hume F. Coleman "as attorney for Gaston Ferland and all others similarly situated". Incorporated in the claim as the basis therefor were the allegations contained in the complaint in a certain "class action" then pending in the United States District Court, Middle District of Florida, brought by claimant "on behalf of himself and all others similarly situated" against Orange Groves of Florida, Inc., et al. The class action had been pending in the Federal Court and that court had approved the claimant, Gaston Ferland, as the representative plaintiff of the entire class. However, decedent's executors were not joined as defendants in the pending federal class action until two days after the expiration of the six-month period established by Section 733.16, F.S. 1971, F.S.A., and, consequently, the provisions of Section 733.16(1)(a), F.S. 1971, F.S.A. are not applicable in the instant matter.
The executors timely filed their objection to the claim and at the same time moved the lower court to dismiss the class claim on grounds, inter alia, (1) that it was unauthorized by Section 733.16, F.S. 1971, F.S.A., and (2) that the claim failed to set forth the names and addresses of the members of the class on whose behalf claimant purported to file. The claimant then filed a motion to amend his said claim "by adding the names and addresses of the class members when they are finally determined" [in the Federal Court action] alleging that he had filed the claim "in good faith to preserve rights of persons having lawful claims against the estate", that the Federal Court action "has been upheld as a class action with claimant as the representative claimant", and that, although he "knows the names and addresses of all persons who may be members of the class, an order has recently been entered by the Federal Court ... which will specifically identify the names and addresses of the class members [when they have complied with the order]".
When these motions came on to be heard, the court held on the authority of Stern v. First National Bank of South Miami, Fla.App. 1973, 275 So.2d 58, that it no longer had jurisdiction to entertain the motion to dismiss or strike the claim, because suit having been filed on the claim, the court having jurisdiction of the action was the proper forum in which to attack the claim. The court thereupon denied the executors' motion to dismiss or strike the claim, said denial being without prejudice to the executors to raise the issue in the pending federal court action. The court also granted the motion of the claimant to amend the statement of claim so as to set forth the names and addresses of those on whose behalf he filed the claim when the class members "have been finally determined in the Federal Court action". This is the order from which the executors have taken this timely appeal.
At the outset, we expressly hold that the circuit court (probate division) not only had the jurisdiction to determine the validity of the claim, but also had the duty to declare it void if it should be determined that the claim was not timely filed. See, United States v. Embrey, 1940, 145 Fla. 277, 199 So. 41. The fact that suit is then pending in another court involving the subject matter of the claim does not oust the probate court of jurisdiction to determine the timeliness of the filing of the claim. Of course, the failure of a claimant to timely file the claim as required by the statute would be an affirmative defense to any suit brought upon the claim, and the case of Stern v. First National Bank of South Miami, supra, relied upon by appellee and the trial judge, is authority for the proposition, generally true of all affirmative defenses, that such an affirmative defense must be asserted in the answer rather than by a motion to dismiss.
*670 We hold that a "class claim" which merely designates a class of persons without identifying the members of the class by name, place of residence and post office address, and without being sworn to be each claimant or his authorized agent or attorney simply fails to meet the clear requirements of Section 733.16, F.S. 1971, F.S.A. and is a brutum fulmen as concerns the unnamed members of such class. Stated differently, every claimant having a claim against the estate of a decedent, who is not within one of the several exceptions expressly provided in the statute, must in person or through agent or attorney timely file a claim in the manner prescribed by the statute or else the claim becomes void. If class claims could be filed on behalf of unnamed members of a specific designated class of persons, the statute of nonclaim could be rendered meaningless, for in every probate proceeding a well intentioned volunteer could, on the final day of the period, file a claim on behalf of himself and "all others similarly situated who are members of the same class, to-wit: those persons to whom decedent was indebted at the time of his death". Admittedly, this illustration is an extreme one (if not in fact absurd), yet it serves the purpose of pointing out what could happen if the statute is not rigidly observed. In Twomey v. Clausohm, Fla. 1970, 234 So.2d 338, our Supreme Court traced the history and evolution of this statute and succinctly pointed out some of the reasons which justify a rigid observance of the statute.
Inherent in the plain language of the statute is the concept that in order for a claim against the estate to be valid, it must be filed by a named claimant, in person or by his authorized agent or attorney, in the manner, form and time as prescribed. Nothing in the statute infers or implies that one may file some type of blanket claim on behalf of unnamed (and perhaps unknown) members of some designated group or class of persons and thereby effectively preserve the claim of each and every person who at a subsequent date may be able to establish that he qualifies for the designated group or class. Such would not only be too indefinite as to the identity of the claimants, but worse, it would also leave open and indefinite the time when such claimants finally would be determined and designated by name, residence and post office address. Such a result is contrary to the announced public policy of this state which requires that estates of decedents be speedily and finally determined. See, In re Brown's Estate, Fla. 1960, 117 So.2d 478.
Appellant also contends that the court erred in allowing claimant to amend the claim pursuant to F.S. Section 733.17, F.S.A. so as to permit the names and addresses of those on whose behalf the claim was filed to be specified at a subsequent time when the members of the class "had been finally determined". Whether to allow an amendment when the claim is defective in form is a matter left to the court's discretion, and if we viewed this amendment as one of form only we would not disturb the trial court's exercise of that discretion. However, in our judgment this was not an amendment remedying a defect in form, but rather was tantamount to permitting a claim to be initially filed on behalf of each such person at some subsequent time beyond the period set by the statute. Consequently, it is our view that this was not an amendment allowable under Section 733.17, F.S. 1971, F.S.A.
The order appealed is reversed and this cause is remanded with directions to deny the claimant's motion to amend and to grant the executors' motion to strike the claim filed July 28, 1972 to the extent that it attempts to assert a claim on behalf of any person other than Gaston Ferland.
Reversed and remanded.
CROSS and MAGER, JJ., concur.