354 So.2d 954 (1978)
Nicholas PICCHIONE, d/b/a Nicholas Picchione & Co., Appellant,
v.
Robert ASTI, Earl DeMaris and Demetra DeMaris, Co-Personal Representatives of the Estate of Alfred DeMaris, Deceased, Appellees.
No. 76-2321.
District Court of Appeal of Florida, Third District.
February 7, 1978.
Sciarretta & Jackvony, Fort Lauderdale, for appellant.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and James E. Tribble, Miami, for appellees.
Before PEARSON, NATHAN and HUBBART, JJ.
*955 PER CURIAM.
This is an appeal from a summary final judgment entered in an action against the estate of Alfred DeMaris upon the basis that the plaintiff was barred from proceeding with the action because of his failure to file a claim in the estate pursuant to Section 733.702, Florida Statutes (1975). The fact of the plaintiff's failure was established on the record. The only suggested issue of fact is that the estate was estopped to assert the statute. See Davis v. Evans, 132 So.2d 476 (Fla. 1st DCA 1961). No reply upon the basis of estoppel was asserted. See Fla.R.Civ.P. 1.100. Plaintiff produced nothing in opposition to the motion for summary judgment. Therefore, summary judgment was properly entered.
A second point presented by appellant urges the unconstitutionality of Section 733.702, Florida Statutes (1975). The plaintiff did not challenge the constitutionality of the statute in the trial court and, therefore, cannot raise the question for the first time on this appeal. Sanford v. Rubin, 237 So.2d 134 (Fla. 1970).[1]
Affirmed.
NOTES
[1] It is noted that if the constitutionality of the statute had been properly raised, the proper appeal would have been to the Supreme Court of Florida. See Art. V, § 3(b)(1), Fla. Const.