356 So.2d 1261 (1978)
Jack Patrick O'NEAL, Personal Representative of the Estate of M.G. O'NEAL, Appellant,
v.
Doris W. MIDGETTE, Personal Representative of the Estate of H.J. Midgette and H.J. Midgette, Deceased, Appellees.
No. 77-648.
District Court of Appeal of Florida, Second District.
March 1, 1978.
Rehearing Denied April 19, 1978.
*1262 Burton E. Burdick of Burdick & Donahoe, Fort Lauderdale, for appellant.
Milton R. Adkins of Pallot, Stern, Proby & Adkins, Miami, for appellees.
GRIMES, Judge.
This is an appeal from an order dismissing a suit against a decedent and his estate for failure to prosecute under Fla.R.Civ.P. 1.420(e) and for failure to move to substitute for a party defendant under Fla.R. Civ.P. 1.260(a)(1) following the suggestion of his death.
M.G. O'Neal filed a complaint against H.J. Midgette and others for declaratory judgment and injunctive relief to prevent the defendants from interfering with O'Neal's alleged rights under a mining agreement with Mark Bateman (suit 1). Later, Bateman and his wife filed a suit for declaratory judgment and injunctive relief against multiple defendants, including Midgette, for interference with Bateman's alleged rights under the same agreement (suit 2). Both actions were filed in the same court, and the cases were ordered consolidated for trial.
In suit 2, on June 23, 1975, Bateman filed a suggestion of Midgette's death together with a motion to substitute Doris W. Midgette as a party defendant in her capacity as executrix of his estate. In suit 1, on October 13, 1976, a motion was filed stating that M.G. O'Neal had died and requesting the court to enter an order substituting Jack Patrick O'Neal as party plaintiff in his capacity as executor of O'Neal's estate. An order was entered in suit 1 on November 22, 1976, substituting Jack Patrick O'Neal, as executor of the Estate of M.G. O'Neal, deceased, as party plaintiff for M.G. O'Neal.
On February 7, 1977, Doris W. Midgette, as personal representative of the Estate of H.J. Midgette, deceased, moved to dismiss suit 1 as against the defendant H.J. Midgette for lack of prosecution and for failure to move to substitute for party defendant within ninety days of the suggestion of H.J. Midgette's death. The granting of this motion in suit 1 forms the basis of this appeal. The record does not reflect upon which ground the order was entered, but we have concluded that dismissal under either ground was erroneous.
Fla.R.Civ.P. 1.420(e) provides that only actions in which it appears on the face of the record that no activity has occurred for a period of one year are subject to dismissal for failure to prosecute. Here, the motion to dismiss was filed within four months of the motion to substitute party plaintiff and the order granting the substitution. Midgette's contention that the motion to substitute plaintiff was not the type of record activity designed to lead to an ultimate conclusion of the lawsuit is without merit, because an order was entered thereon, and the rule specifically contemplates orders of court as being record activity. Furthermore, moving to substitute a personal representative for the deceased plaintiff is a necessary step which must be taken in the prosecution of a suit.[1]
The dismissal for failure to file a motion for substitution within ninety days after the suggestion of death would be well taken if the suggestion of death had been filed in suit 1. However, no suggestion of Mr. Midgette's death was ever filed in suit 1. The style and case number of the suggestion of death which was filed reflects that it was filed in suit 2, and it was filed *1263 by the plaintiff, Bateman, who was not even a party in suit 1. The fact that the cases had been consolidated and that O'Neal's attorney received a copy of the suggestion of death did not make the suggestion of death a part of suit 1 so as to activate the ninety day requirement of the rule.[2]
The order of dismissal with respect to Midgette and his personal representative is reversed.
BOARDMAN, C.J., and DANAHY, J., concur.
NOTES
[1] Record activity of less consequence than this has been held sufficient to prevent dismissal under Fla.R.Civ.P. 1.420(e). See Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972); Flack v. Kuhn, 277 So.2d 593 (Fla. 4th DCA 1973); Licausi v. Airport Transportation Service, Inc., 252 So.2d 835 (Fla. 4th DCA 1971).
[2] See American Employers Insurance Co. v. J.H. Atkins & Associates, Inc., 332 So.2d 348 (Fla. 4th DCA 1976), in which an answer and counterclaim filed in one suit was held not properly filed in a second suit which had been consolidated with it even where the filing party was only a defendant in the second suit.