ON PETITION FOR REHEARING
PER CURIAM.
Appellant has timely filed a Petition for Rehearing, urging that by our above opinion by which we affirmed the order of the judge sitting in probate extending the time within which appellee could bring an independent action on her claim asserted against the estate without reaching the other issues argued in appellant’s briefs we have, in effect, affirmed an implicit holding of the trial court denying appellant’s attack upon the sufficiency of the claimant’s Statement of Claim.
Upon reconsideration we concede that we did indeed, in rendering our prior opinion herein, overlook the effect of appellant’s notice of appeal. We affirmed the probate *767 court’s “Order Granting Extension of Time To Bring Independent Action” but we decline to review the issue presented by appellant challenging the legal sufficiency of the Statement of Claim which the claimant filed in the probate court below. The order appealed was the final order in a probate case which had the effect of terminating all judicial labor in the probate court in regard to the matters involved in that order. (See Smoak v. Graham, 167 So.2d 559 (Fla.1964)) On appeal from a final order of the probate court all prior actions of the probate court are subject to appellate review. Rule 9.110(h), Florida Rules of Appellate Procedure, defines the scope of review in appeals from final orders and provides:
“The court may review any ruling or matter occurring prior to the filing of the notice [of appeal]. Multiple final orders may be reviewed by a single notice, if the notice is timely filed as to each such order.”
Assignments of error have been abolished. (Rule 9.040(e), Florida Rules of Appellate Procedure)
An examination of the record reveals that the personal representative’s contention that the claimant’s Statement of Claim was legally insufficient was the subject of two hearings before the probate court. Nevertheless, although the personal representative did all within her power to secure a ruling on the sufficiency of the claim, the probate court nevertheless terminated its judicial labor without ruling on the personal representative’s objection. The personal representative’s objection to the sufficiency of the Statement of Claim can be raised only in the probate court. (See In Re Estate of Gay, 294 So.2d 668 (Fla. 4th DCA 1974)) The personal representative may not collaterally attack the sufficiency of the claimant’s Statement of Claim in the trial court which will hear the independent action. (In Re Estate of Gay, supra)
However, although we conclude that the learned trial judge sitting in probate erred in failing to rule upon the personal representative’s objection to the claimant’s statement of claim, we are of the view that it is inappropriate for us to render a decision as to the legal sufficiency of the claim until such time as the probate court has rendered an order thereon for our review.
Accordingly, while yet adhering to our affirmance of the order of the probate court extending the time within which to bring an independent action, we nevertheless reverse the court’s failure to rule upon the objection to the sufficiency of the claim. We therefore remand with directions that the appropriate judge sitting in probate rule upon appellant’s objections to the sufficiency of the claimant’s Statement of Claim.
We grant appellant’s Petiton for Rehearing and remand for further proceedings consistent herewith.
IT IS SO ORDERED.
McCORD, C. J., and BOYER and MELVIN, JJ., concur.