PER CURIAM.
The appellant’s sole contention on appeal is that Florida Rule of Civil Procedure 1.450(e)[1] unconstitutionally denies him, a *818 medical malpractice plaintiff, rights accorded dissimilar plaintiffs and that any non-arbitrary basis for this separate classification disappeared when the Florida Supreme Court in Aldana v. Holub, 381 So.2d 231 (Fla.1980), declared the medical mediation act unconstitutional as violative of due process. Because the appellant did not challenge the constitutionality of the rule in the trial court, we will not entertain his challenge here. Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Association, 361 So.2d 128 (Fla.1978); Sanford v. Rubin, 237 So.2d 134 (Fla.1970); Granados v. Miller, 369 So.2d 358 (Fla. 4th DCA 1979); Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978).
Affirmed.

. The rule provides:
“In any civil medical malpractice action, the trial on the merits shall be conducted without any reference to insurance, to insurance coverage, or to the joinder of an insurer as co-defendant in the suit.”