493 So.2d 447 (1986)
BARNETT BANK OF PALM BEACH COUNTY, Petitioner,
v.
ESTATE OF LEON HENRY READ, Jr., Deceased, Respondent.
No. 67643.
Supreme Court of Florida.
September 4, 1986.
Cromwell & Remsen, and Freeman W. Barner, Jr., P.A., Riviera Beach, and John R. Beranek of Klein and Beranek, P.A., West Palm Beach, for petitioner.
Richard F. Ralph and Roderick F. Coleman, Miami, for respondent.
*448 PER CURIAM.
We have for review In re Estate of Read, 472 So.2d 1271 (Fla. 4th DCA 1985), which expressly and directly conflicts with decisions of other district courts of appeal and this Court. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash the district court's opinion.
In February 1983, the decedent, Leon Henry Read, Jr., executed a promissory note in the amount of $100,000 in favor of Barnett Bank. Read died on April 5, 1983, and the notice of administration was published on April 29, 1983. Shortly thereafter, Richard Ralph, the personal representative of the estate, went to the bank for a meeting with the bank's president and vice-president to discuss the status of the note. Mr. Ralph informed the president and vice-president that the note would be paid without the bank's filing a formal claim. Mr. Ralph wrote the vice-president to confirm their earlier conversation and once again specifically stated "I wish to further confirm my advices to you ... that the estate would recognize the proper amounts due under these notes without the necessity of the bank filing a formal claim."
Despite the conversation and the letter, the estate failed to pay Barnett Bank. As a result, on February 17, 1984, Barnett Bank filed a statement of claim based on the unpaid $100,000 promissory note executed by Read. Mr. Ralph never responded. At an ex parte hearing the circuit court found the full amount of the claim due and owing, granted the petition and ordered the personal representative to pay Barnett Bank $112,165.50. This order was served on the personal representative who again did nothing until he decided to file a tardy motion for rehearing which was subsequently denied. The Fourth District reversed and held that the circuit court had no authority to order payment because the claim was not filed within three months of publication of notice of administration as required by section 733.702(1)(a), Florida Statutes (1983).
Section 733.702 provides, in pertinent part:
(1) No claim ... shall be binding on the estate, on the personal representative, or on any beneficiary unless presented:
(a) Within 3 months from the time of the first publication of the notice of administration, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise.
We must decide whether the three-month limitation period in section 733.702 is a jurisdictional statute of nonclaim or a statute of limitations. An untimely claim filed pursuant to a jurisdictional statute of nonclaim is automatically barred. Miller v. Nolte, 453 So.2d 397 (Fla. 1984). However, a claim filed beyond the time set forth in a statute of limitations is only barred if the statute of limitations is raised as an affirmative defense or, if the defense appears on the face of the prior pleading, by way of motion to dismiss. Fla.R.Civ.P. 1.110(d). Failure to plead that the statute of limitations has expired constitutes waiver. Aboandandolo v. Vonella, 88 So.2d 282 (Fla. 1956); Tuggle v. Maddox, 60 So.2d 158 (Fla. 1952). Thus, the estate contends that section 733.702 is a statute of nonclaim which automatically bars Barnett Bank's claim, while Barnett Bank asserts that section 733.702 is a statute of limitations which the estate waived by its failure to object.
We hold that section 733.702 is a statute of limitations. Accord, Harbour House Properties, Inc. v. Estate of Stone, 443 So.2d 136 (Fla. 3d DCA 1983); Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978); Stern v. First National Bank, 275 So.2d 58 (Fla. 3d DCA 1973). Similarly, other cases have used the nonclaim terminology when referring to section 733.702 and its predecessors, but have treated the statute as a statute of limitations by either requiring the estate to affirmatively plead the statute of limitations or allowing the creditor to justify noncompliance with the time period set forth in the statute. See, e.g., In *449 re Estate of Peterson, 433 So.2d 1358 (Fla. 4th DCA 1983); Grossman v. Selewacz, 417 So.2d 728 (Fla 4th DCA 1982); In re Estate of Gay, 294 So.2d 668 (Fla. 4th DCA 1974); North v. Culmer, 193 So.2d 701 (Fla. 4th DCA 1967), overruled on other grounds, Rinker Materials Corp. v. Palmer First National Bank, 361 So.2d 156 (Fla. 1978).
We reject the estate's contention that Twomey v. Clausohn, 234 So.2d 338 (Fla. 1970), requires us to find that section 733.702 is a jurisdictional statute of nonclaim. The issue in Twomey was whether a creditor was entitled to collect on a claim that was never filed in the probate court pursuant to section 733.16, Florida Statutes (1965) (the predecessor to section 732.702). 234 So.2d at 339. Thus, the language in Twomey indicating that a personal representative cannot waive the provisions of section 733.16 is inapplicable to the case at bar because Twomey addressed the issue of to whom the claim must be presented, not when the claim must be filed.
We fully recognize the strong public policy in favor of settling and closing estates in a speedy manner. Estate of Brown, 117 So.2d 478 (Fla. 1960). However, as the facts of this case demonstrate, justice requires us to hold that section 733.702 is a statute of limitations. Valid grounds, such as estoppel or fraud, may exist that would and should excuse untimely claims. A creditor would lose the right to assert these potentially valid claims were we to hold that section 733.702 is a statute of nonclaim. Our holding that section 733.702 is a statute of limitations confirms the fact that estates and creditors must adhere to well-established practices when dealing with untimely claims. The estate must file a motion to strike or other objection to an untimely claim. If the creditor wishes to raise the issue of estoppel or fraud he may file a reply pursuant to Florida Rule of Civil Procedure 1.100. See Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978). This procedure guarantees that claims such as fraud and estoppel are properly adjudicated.
Had the estate objected at the circuit court level we would have remanded for an evidentiary hearing on the issue of estoppel. The estate's failure to raise the affirmative defense of statute of limitations coupled with the fact that Barnett Bank presented a valid note to the circuit court requires us to order reinstatement of the trial court's order. This finding is consistent with Goggin v. Shanley, 81 So.2d 728 (Fla. 1955), in which we refused to allow the executrices of the estate to assert that a creditor's claim was barred by the statute of limitations because the executrices failed to file an objection to the claim within the time period set forth in section 733.18, Florida Statutes (1953). In Goggin we affirmed the circuit court's finding that the probate court was powerless to reject the creditor's claim. Thus, Goggin stands for the proposition that a personal representative cannot object to a claim on appeal without first objecting to it in the circuit court. Of course we recognize that the trial court is not rendered powerless to reject a fabricated or undocumented claim filed by any alleged creditor. See, e.g., In re Estate of Gay, 294 So.2d 668 (Fla. 4th DCA 1974). Barnett Bank possessed a valid note and the estate never objected; therefore, the circuit court was powerless to reject it.
We further base our holding on the fact that the personal representative and not the circuit court judge is responsible for the administration of the estate. As we noted in Goggin, "[t]he Circuit Judge correctly found the basic point in the case to be that the personal representatives of decedent and not the Probate Judge is charged with responsibility for administering the estate and is liable for his acts of omission." 81 So.2d at 729.
Accordingly, the decision of the district court is quashed and the cause is remanded with instructions to affirm the order of the trial court.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.