LETTS, Judge.
Certain creditors of an estate who were late presenting their claims under section 733.702, Florida Statutes (1985), appeal the trial judge’s ruling that, under current statutes and case law, there is no jurisdiction or authority to extend the time for filing claims. We reverse.
We do not fault the trial court for its ruling based in part on an earlier decision from this very court which the Supreme Court has since reversed. In Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla.1986), the Supreme Court considered whether section 733.702 is a jurisdictional statute of non-claim or a statute of limitations and held it to be the latter, stating in part:
We fully recognize the strong public policy in favor of settling and closing estates in a speedy manner. Estate of Brown, 117 So.2d 478 (Fla.1960). However, as the facts of this case demonstrate, justice requires us to hold that section 733.-702 is a statute of limitations. Valid grounds, such as estoppel or fraud, may exist that would and should excuse untimely claims. A creditor would lose the right to assert these potentially valid claims were we to hold that section 733.-702 is a statute of nonclaim. Our holding that section 733.702 is a statute of limitations confirms the fact that estates and creditors must adhere to well-established practices when dealing with untimely claims. The estate must file a motion to strike or other objection to an untimely claim. If the creditor wishes to raise the issue of estoppel or fraud he may file a reply pursuant to Florida Rule of Civil Procedure 1.100. See Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978). This procedure guarantees that claims such as fraud and estoppel are properly adjudicated, (emphasis supplied)
The creditor’s rationale for the late filing, in the case now before us, does in fact *418 hinge on the question of fraud and estoppel which was properly raised below. Accordingly, an evidentiary hearing should have been held.
REVERSED AND REMANDED
HERSEY, C.J., and DOWNEY, J., concur.