COWART, Judge.
A father was missing after the 1985 Mexico City earthquake. His son was appointed his conservator under chapter 747, Florida Statutes. A creditor filed an action against the conservator on an unpaid promissory note executed by the father.[1] Before service of the complaint on the conservator, a probate proceeding was filed in which (1) it was established that the father was deceased, (2) the son was appointed personal representative, and (3) notice of administration was published. The creditor did not file his claim in the probate case within three months of the first publication of notice of administration, and the creditor’s claim was held to be barred under section 733.702, Florida Statutes. The creditor appeals.
Citing O’Neal v. Midgette, 356 So. 2d 1261 (Fla. 2d DCA 1978), the creditor argues that he was excused from timely filing his claim in the probate case because the son failed to file a suggestion of death under Florida Rule of Civil Procedure 1.260(a)(2) in the creditor’s pending action against the conservator. However, the decedent was never a party in the creditor’s pending action against the conservator and therefore Rule 1.260(a)(2) was not applicable. The creditor also argues the son is estopped as personal representative from asserting the bar of section 733.702. However, estoppel is an affirmative defense which the creditor did not plead as required by Florida Rule of Civil Procedure 1.100. *1129 See Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447 (Fla.1986).
If the creditor had filed no action on his promissory note before the probate estate was opened, the creditor would have been required to timely file a claim in the estate proceeding or the claim on the note would have been barred. Likewise, if the creditor had filed an action on the note and had recovered a judgment that was not satisfied at the time of the judgment debtor’s death, the judgment creditor would have been required to timely file a claim in the estate proceeding or his claim would have been barred. The creditor in this case is no better off than in the other two situations merely because he had filed an action on the note against the conservator before the estate proceedings were opened; he, likewise, should have timely filed a claim in the estate proceeding.
The trial court was correct in holding that the creditor’s claim was barred by section 733.702, Florida Statutes, because it was not timely filed in the probate estate.
AFFIRMED.
SHARP, C.J., and DAUKSCH, J., concur.

. Because it was not made an issue in this case we do not discuss it, but this case should not be considered authority that a general creditor can obtain general in personam jurisdiction and obtain a valid personal judgment against a debtor by filing an action against, and serving, a conservator for the debtor.