PER CURIAM.
The plaintiff, Verde Capital Corporation, appeals from an order dismissing with prejudice its third amended complaint and alternatively granting summary judgment in favor of appellee Marta A. Gutierrez. We affirm.
On June 9, 1979, Mrs. Gutierrez and her husband assumed a mortgage which stated that the mortgagor “covenant[sj and agree[s] to promptly pay when due the principal and interest and other sums of money provided for in said note and mortgage, or either.” Mrs. Gutierrez and her husband were subsequently divorced. It appears without contradiction that Mrs. *699 Gutierrez never signed or guaranteed the underlying promissory note which matured May 29, 1982. It is further clear that Mrs. Gutierrez did not request an extension of the obligation either orally or in writing. Under section 95.281, Florida Statutes (Supp.1974), the lien of a mortgage or other instrument encumbering real property terminates five years after the date of maturity where the final maturity of the obligation is ascertainable from the record. Such was the case here. The lien expired in May 1987, months before this suit was filed in October 1987. Consequently, this action was barred by section 95.281. Accordingly, the trial court was correct in dismissing the third amended complaint and alternatively entering summary final judgment in favor of Mrs. Gutierrez.
Moreover, we find no error in the trial court’s determination that neither fraud nor fraud in the inducement occurred. Finally, we observe that the appellant’s claim arguing the unconstitutionality of section 95.281, which differentiates between mortgages with or without stated maturities, was not raised and presented in the trial court and cannot be considered for the first time on appeal. Rubin v. Glick, 419 So.2d 817 (Fla. 3d DCA 1982); Picchione v. Asti, 354 So.2d 954 (Fla. 3d DCA 1978).
Affirmed.