588 So.2d 1012 (1991)
HCA NEW PORT RICHEY HOSPITAL, Appellant,
v.
ESTATE OF Constance M. BOSCHELLI, Deceased, Appellee.
No. 91-00251.
District Court of Appeal of Florida, Second District.
October 9, 1991.
Rehearing Denied November 21, 1991.
*1013 D. Keith Hammond of McPherson & Hammond, P.A., New Port Richey, for appellant.
Alexander Hernandez of Latour & Associates, P.A., Tarpon Springs, for appellee.
CAMPBELL, Judge.
The issue in this appeal is whether appellant, HCA New Port Richey Hospital, has a valid claim against appellee, the Estate of Constance M. Boschelli, Deceased. We hold that appellant does have a valid claim and reverse.
Appellant's claim was for unpaid medical bills incurred during the last illness of Constance M. Boschelli, who died on August 16, 1985. A petition for administration of her estate was filed on April 27, 1987. Notice of administration was first published on November 11, 1987. Appellant filed its claim in the appellee estate on September 12, 1990. The personal representative of appellee never filed an objection to the claim.
The difficulty in this case lies in the fact that, from the time of decedent's death in 1985, until 1988, when it was amended, the claims statute, section 733.702, Florida Statutes (1985), was deemed to be a statute of limitation, not a jurisdictional statute of nonclaim. See Barnett Bank v. Estate of Read, 493 So.2d 447 (Fla. 1986). As such, the personal representative had to raise the untimeliness of a claim as an affirmative defense by filing an objection to the claim. The statute has since been amended so that the time limit operates as a bar to untimely filed claims, even in the absence of an objection, unless the court grants an extension. That amendment to the statute, however, was specifically made applicable only to estates of decedents dying after July 1, 1988. Since Constance Boschelli died on August 16, 1985, the amendment does not apply to her estate.
On November 9, 1990, appellant, apparently under the mistaken belief that the new, amended statute applied, filed a motion to extend time for filing creditor's claim and motion to compel payment thereof. At the time of filing that motion, the time for filing objections to claims under the old statute of limitations version of the statute had expired. Objections to claims under that section were required to be filed on or before the later date of four months from publication of notice or thirty days after the filing of the claim. In ruling upon appellant's motion, the trial judge determined that appellant's claim was time barred by appellant's failure to file its claim within three months of the first publication of notice of administration and by not being filed within two years of the death of the decedent "as required by Section 733.710, Florida Statutes or any applicable Statute of Limitation."
Section 733.710 does not apply to this case as that section was enacted by chapter 89-340, Laws of Florida, and specifically made applicable only to the estates of decedents dying after July 1, 1989. A statute of limitations must be affirmatively pled to bar an otherwise valid claim. Barnett Bank v. Estate of Read, 493 So.2d 447 (Fla. 1986); Goggin v. Shanley, 81 So.2d 728 (Fla. 1955). The trial judge also was apparently under the impression that section 733.702(3), Florida Statutes (1989), controlled when he denied appellant's claim even though no objection to the claim had been filed. In that regard, we have considered the holding of In re Estate of Parson, 570 So.2d 1125 (Fla. 1st DCA 1990), and find it inapplicable to this appeal. In re Parson found Barnett Bank inapplicable to that case because the 1983 version of chapter 733, considered by the court in Barnett Bank, had subsequently been substantially amended. As we have observed, those amendments do not affect the validity of appellant's claim nor its appeal before us.
Under the version of chapter 733, applicable to this case, in order to avoid appellant's claim on the basis of any applicable statute of limitation, the personal representative *1014 was required to object to the claim. See Barnett Bank and Goggin. No such objection having been timely filed, the claim must be allowed.
We reverse and remand this case to the trial court for further treatment consistent with this opinion.
SCHOONOVER, C.J., and PARKER, J., concur.