SUAREZ, J.
 

 Kevin Brown (“Brown”) appeals an order granting a motion for summary judgment in favor of Betty K. Agencies (“Betty K”) and dismissing the cause of action with prejudice. We affirm as the action is time-barred under the Carriage of Goods by Sea Act (“COGSA”).
 

 Brown contracted with Betty K. for the shipment of a single crane truck from Miami to the Bahamas. On September 7, 2006, the proposed date of sailing, the crane truck was taken to the dock, pulleys were attached and the crane truck was lifted by the ship’s crane for loading aboard the vessel. In the process of loading, the truck was dropped by the ship’s crane and was damaged. Brown brought suit on January 25, 2008, approximately sixteen months after the incident, alleging breach of the shipping contract and negligence. Betty K. asserted that the one-year statute of limitations barred the action under COGSA. Betty K. moved for summary judgment based on the one-year statute of limitations contained in COGSA. Brown contended that the truck was never loaded onto the ship and that Betty K. was a mere freight forwarder, not a carrier, and therefore COGSA did not apply.
 

 The agreement here is governed by the bill of lading. The bill of lading states that Betty K. was the forwarding agent and also states that the bill of lading is subject to the provisions of COGSA. The record facts demonstrate that Betty K. was the contracting agent for transport of the truck crane and that the damage to the truck crane occurred while it was being loaded onto the carrier. Once the truck crane was fitted with slings and hooked up to the ship’s crane, COGSA became applicable by operation of law. Since Betty K, as the agent of the carrier, rightfully asserted the statute of limitations to bar the negligence claim for the alleged negligence that occurred upon loading, the one-year statute of limitations period applies, and Brown is precluded from bringing the action, as being time-barred.
 
 See Neutax, S.A. v. Global Freight Servs.,
 
 No. 02-21943-Civ., 2002 WL 31962180 (S.D.Fla. Oct. 25, 2002) (holding that COGSA applies in relation to the loading, handling, storage, carriage and discharge of goods);
 
 Birdsall, Inc. v. Tramore Trading Co., Inc.,
 
 771 F.Supp. 1193 (S.D.Fla.1991) (holding that carrier’s agent was not es-topped from asserting the one-year limitations period of COGSA).
 

 Affirmed.