ROTHENBERG, J.
Federal Contracting, Inc. d/b/a Bryan Construction, Inc. (“Bryan”) and Bimini Shipping, LLC (“Bimini”) entered into a contract requiring Bimini to ship certain of Bryan’s goods from Miami, Florida, to the Bahamas. The contract contained a broad arbitration agreement mandating that “[a]ll disputes arising out of this contract shall be arbitrated in Miami-Dade County, Florida.” Upon receiving the goods, Bryan alleged that Bimini had damaged the goods during shipment. After Bryan timely sent Bimini a letter demanding arbitration and receiving no response, Bryan *905 filed a complaint in Miami-Dade Circuit Court to compel arbitration and to select an arbitrator. Bimini filed a motion to dismiss Bryan’s complaint arguing that the suit was barred by the one-year statute of limitations for such actions provided in the Carriage of Goods by Sea Act, 46 U.S.C. app. § 1303 (“COGSA”). Although Bryan argued that the limitations period defense had to be decided by an arbitrator under the broad arbitration clause, the trial court granted Bimini’s motion and dismissed Bryan’s complaint.
Florida law favors arbitration as a matter of public policy, and broad arbitration provisions should be construed in favor of allowing arbitration of the disputed subject matter. O’Keefe Architects, Inc. v. CED Constr. Partners, Ltd., 944 So.2d 181, 185-86 (Fla.2006). Furthermore, “in general, issues of timeliness are to be decided by the arbitrator.” Id. at 186. O’Keefe dealt with an arbitration clause substantially identical to the clause in this case that “require[d] arbitration of ‘[cjlaims, disputes, and other matters ... arising out of or relating to’ the contract,” and squarely held that the statute of limitations defense was to be decided during arbitration, and not by the trial court. Id. at 188 (second alteration in original).
Bimini attempts to distinguish O’Keefe by arguing COGSA section 1303 provides a statute of repose, not a statute of limitation. Bimini therefore contends the trial court was required to rule on the motion because a statute of repose is jurisdictional in nature and extinguishes any right to recovery regardless of the pleadings. While Bimini is correct that statutes of repose are substantively different than statutes of limitation, see Barnett Bank of Palm Beach County v. Estate of Read, 493 So.2d 447, 448 (Fla.1986) (per curiam); Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163, 166-67 (Fla. 4th DCA 1996), the Florida Supreme Court and this Court have both held COGSA section 1303 to be a statute of limitation. See, e.g., King Ocean Cent. Am., S.A v. Precision Cutting Sens., Inc., 717 So.2d 507, 510, 513-14 (Fla.1998); Brown v. Betty K. Agencies (USA) LLC, 61 So.3d 1156, 1157 (Fla. 3d DCA 2011).
Federal courts opining on the distinction have noted that there are certain similarities between COGSA section 1303 and statutes of repose, but have still continued to call it a limitation period. See, e.g., Senicios-Expoarma, C.A. v. Indus. Mar. Carriers, Inc., 135 F.3d 984, 988-89 (5th Cir.1998); Underwood Cotton Co., Inc. v. Hyundai Merck Marine (Am.), Inc., 288 F.3d 405, 408-10 (9th Cir.2002); Mikinberg v. Baltic S.S. Co., 988 F.2d 327, 330 (2d Cir.1993). We have not found, nor has Bimini cited, any case law holding that COGSA section 1303 is a statute of repose. Furthermore, Bimini repeatedly and consistently referred to COGSA as a “statute of limitation” throughout the underlying litigation, including in its motion to dismiss. Only in its brief on appeal has Bimini tried to draw this distinction and categorize the COGSA provision as a statute of repose that deprives the trial court and arbitrator of jurisdiction. Thus, the trial court erred in ruling on the limitations defense and dismissing Bryan’s complaint.
Because we find that COGSA section 1303 is indeed a statute of limitation, and not a statute of repose, the determination whether Bryan’s claim is time-barred by the COGSA statute of limitation is one for the arbitrator to decide. O’Keefe, 944 So.2d at 186. We accordingly need not address any remaining arguments on appeal. We reverse with instructions to the trial court to vacate its order and issue a new order granting Bryan’s motion to compel arbitration without prejudice to *906 Bimini to raise all appropriate defenses it may have during the arbitration process.
Reversed.