# Third District Court of Appeal

## State of Florida

Opinion filed December 17, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0433
Lower Tribunal No. 22-5140-CP-02
_____

**Ollie Lan, et al.,**
Appellants,

vs.

**In Re: Estate of James Howard Ridinger,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Bertila Soto, Judge.

Lindemann Law Firm, and Blake J. Lindemann (Beverly Hills, CA); LMK Legal, and Laurence Marc Krutchik, for appellants.

Buchanan Ingersoll & Rooney, PC, and Roselvin S. Edelman, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

Affirmed. See In re Est. of Gay, 294 So. 2d 668, 670 (Fla. 4th DCA 1974) ("[E]very claimant having a claim against the estate of a decedent, who is not within one of the several exceptions expressly provided in the statute, must in person or through agent or attorney timely file a claim in the manner prescribed by the statute or else the claim becomes void. If class claims could be filed on behalf of unnamed members of a specific designated class of persons, the statute of nonclaim could be rendered meaningless . . . ."); Baillargeon v. Sewell, 33 So. 3d 130, 142 (Fla. 2d DCA 2010) (agreeing that Probate Code does not allow class claims to be filed in probate); see also Shotts v. OP Winter Haven, Inc., 86 So. 3d 456, 465 (Fla. 2011) ("It is for the court, not the arbitrator, to decide whether a valid written agreement to arbitrate exists." (citation modified)).